THE MAYOR AND COUNCIL OF WILMINGTON, A MUNICIPAL
CORPORATION OF THE STATE OF DELAWARE. AT THE
INSTANCE OF JOSEPH L. CARPENTER, JR., J. NEWLIN
GAWTHROP AND SAMUEL CHAMBERS, THE BOARD OF DI-
RECTORS OF THE STREET AND SEWER DEPARTMENT FOR
THE CITY OF WILMINGTON,

vs.

JOHN EDWARD ADDICKS, JOHN G. BAKER, FREDRICK P. AD-
DICKS, SIMON B. CONDE AND SAMUEL AUSTIN.

*New Castle, Sept. T.* 1697.

Where prior to the adoption of the Constitution of 1897 a cause in
equity had been referred to a Chancellor *ad litem*, it was held
that his jurisdiction was terminated by the provisions of Sec. 7
of the Schedule of the new Constitution, and after the appointment
and qualification of a Chancellor thereunder, the cause was re-
instated upon the regular calender of the Court of Chancery.

MOTION to re-instate a cause pending before a Chan-
cellor *ad litem* upon the regular docket of the Court. The
bill in this cause was filed April 2, 1891, and a preliminary
injunction issued against the defendants to restrain them
from opening or excavating the streets of the City of Wil-
mington for the purpose of laying gas pipes.

In May, 1891, a rule to show cause why the bill should
not be dismissed was discharged and the injunction continued.
In June, 1893, a demurrer was filed and argument thereon
was heard by Henry R. Johnson, Chancellor *ad litem*, who
had been appointed upon the certificate of the then Chan-
cellor Wolcott. The demurrer was over-ruled, and the de-
fendants permitted to plead or answer. 7 *Del. Ch.* 56.

On June 30, 1894, a plea and answer in support thereof
were filed and, thereafter, replications and rejoinders were en-
tered and a commission issued to take testimony, which was

returned in September, 1894. Argument in the cause was heard before the Chancellor ad litem, who had rendered no decision. On August 5th, 1897, the case being still pending before the Chancellor ad litem, a rule was issued to show cause why the cause should not be put upon the regular docket. The ground of this application was that a constitutional convention had been held and a new constitution adopted, which went into effect June 10, 1897. In Section 9 of the Schedule of the Constitution it was provided as follows:

"All the courts of justice now existing shall continue with their present jurisdiction, and the Chancellor and judges shall continue in office until the tenth day of June in the year one thousand eight hundred and ninety-seven; upon which day the said courts shall be abolished, and the offices of the said Chancellor and judges shall expire." And further, that, "All suits, proceedings and matters which, on the said tenth day of June in the year one thousand eight hundred and ninety-seven, shall be depending in the Court of Chancery, or in the Orphan's Court, and all records, books and papers of said Courts respectively, shall be transferred to the Court of Chancery or Orphans' Court respectively established by this amended Constitution; and the suits, proceedings and matters, shall be proceeded in to final decree, order or other determination."

On June 10, 1897, the present Chancellor, who had been previously Chancellor under the Constitution of 1831—since November 25, 1895, was appointed under the new Constitution, and thereafter the defendants filed their petition praying for re-instatement of the cause upon the regular docket, upon the ground that the office and duties of the said Chancellor *ad litem* had been abolished by the Constitution of the State of Delaware recently adopted, and that there was no legal or equitable reason why the present Chancellor should not take cognizance of the case. On this petition a rule was granted returnable September 13, 1897, at which time it was argued by counsel for the respective parties, service of the rule having been duly made upon the complainant and the

then members of the Street and Sewer Department and the Chancellor *ad litem.*

*H. H. Ward, Austin Harrington* and *C. Berkeley Taylor,* for rule.

*Lewis C. Vandegrift,* contra.

THE CHANCELLOR, after hearing the argument of counsel for the respective parties, was of opinion that the jurisdiction and functions of the Chancellor *ad litem,* as such, were terminated by the provisions of section 9 of the schedule of the new Constitution, on the tenth day of June, 1897. Being a judicial officer appointed under the Constitution and laws made in pursuance thereof, his tenure was terminated at the date prescribed for the expiration of the offices of the Chancellor and Judges.

He also considered that the cause in question was included in the terms "all suits, proceedings and matters which" on the said tenth day of June were "depending in the Court of Chancery," and, under the further provisions of said section 9 of the schedule it was "transferred to the Court of Chancery * * * * established by this amended Constitution," and is now pending in this Court.

There being no legal exception to prevent the present Chancellor from sitting in said cause, it should properly be placed upon the regular docket of the Court.

Accordingly, on the eleventh day of October, 1897, it was ordered that the case be put upon the regular calendar to be there proceeded with according to the usual course of proceedings in the Court.